BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE WHEAT FARMERS ANTITRUST ) DOCKET NO. 129
CLASS ACTION LITIGATION )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

      This litigation consists of one action in the Western District of Oklahoma and three in the Northern District of Texas arising out of the sales of wheat to the Soviet Union in the summer of 1972. Plaintiffs in each action purport to represent a class of wheat farmers who sold wheat on the open market and were injured as a consequence of defendants' alleged violation of the federal antitrust laws. Plaintiffs allege that the defendant grain exporters knew prior to the time that plaintiffs harvested and sold their wheat that the Soviet Union would buy large quantities of wheat in the United States and that this demand for wheat would drive up the price. And plaintiffs allege that defendants conspired to withhold this information from the public in order to keep the price at which defendants could purchase wheat from the farmers at a level lower than that anticipated once the announcement of the Soviet purchase was made.

---

\*   Although Judge Weinfeld was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

Defendants Continental Grain Company and Cook Industries, Inc. move the Panel for an order transferring the Texas actions to the Western District of Oklahoma for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. All other defendants support the motion and all plaintiffs agree that these actions are appropriate for pretrial supervision by a single judge pursuant to Section 1407, but they urge instead that the Northern District of Texas is the most appropriate transferee forum.

We find that these actions raise common questions of fact and that transfer to a single district under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The only controversy to be resolved is the selection of the transferee district. We are faced with only two choices in this litigation, either the Western District of Oklahoma or the Northern District of Texas, and neither district has factors overwhelmingly in its favor. Indeed, either one could be described as an appropriate transferee forum for this litigation. But upon weighing the conveniences of all parties and witnesses, the location of relevant documents, the stage of pretrial proceedings in the several actions and the status of the civil dockets of the two districts, we have concluded that the Western District of Oklahoma would be best for all involved. Furthermore, based upon our prior experience with class action antitrust litigation of this nature, additional lawsuits can be expected. And it is our conviction that as the suits proliferate Oklahoma City will be more of a central location to the litigation as a whole than Amarillo, Texas.

- 3 -

IT IS THEREFORE ORDERED that the actions on the attached Schedule A pending in the Northern District of Texas be, and the same hereby are, transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Frederick A. Daugherty for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 with the action pending in that district.

DOCKET NO. 129                                    SCHEDULE A

### WESTERN DISTRICT OF OKLAHOMA

Edgar W. Cleveland, et al. v. Clarence          Civil Action
Palmby, et al.                                   No. Civ-72-731

### NORTHERN DISTRICT OF TEXAS

Joe J. Berg, et al. v. Clarence Palmby,         Civil Action
et al.                                           No. 2-1311

Joe Zinzer v. Clarence Palmby and                Civil Action
Continental Grain Co.                            No. 2-1309

John Spearman, et al. v. Clarence                Civil Action
Palmby and Continental Grain Co.                 No. 2-1330